**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CARMIN COLON RIVERA<br><br>Plaintiff<br><br>v.<br><br>PREFERRED HOME SERVICES, INC.<br><br>Defendant | Civil No. 21-1448<br><br>Re: Violations of the Fair Debt Collection Practices Act. |

**CLASS ACTION COMPLAINT**

**COMES NOW,** Plaintiff, **Carmin Colón Rivera**, on behalf of herself and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, through the undersigned counsel, and before this Honorable Court respectfully **STATES**, **ALLEGES** and **PRAYS** as follows:

### I. INTRODUCTION

1. This action seeks redress for the unlawful and deceptive collection practices engaged by the Defendant in connection with their efforts to collect on a consumer debt against Plaintiff and others similarly situated (coupled, "Plaintiffs"). Plaintiffs allege that Defendant violated the Fair Debt Collection Practice Act ("FDCPA") by engaging in unlawful and deceptive collection practices. Plaintiffs request declaratory and injunctive relief, as well as monetary, and punitive and actual damages based on violations of 15 U.S.C. §1692.

### II. JURISDICTION AND VENUE

2. Jurisdiction is invoked under the provision 28 U.S.C. §1331 and 15 U.S.C. §1692(k)(d).

3. Venue is proper in this District because all the events and omissions giving rise to the claims asserted in the Complaint occurred within this judicial district. In addition, Defendant is domiciled in this District and does business in this District.

### III.   THE PARTIES

4. Plaintiff, **Carmin Colón Rivera**, is a natural person and a citizen of the Commonwealth of Puerto Rico. At all relevant times Plaintiff has resided in the municipality of Bayamon, Puerto Rico. Plaintiff is a "consumer" as such term is defined by the FDCPA.

5. Defendant, **Preferred Home Services, Inc.** (hereinafter referred as "**PHS**" or "**Defendant**") is a Professional Corporation registered to do business in the Commonwealth of Puerto Rico. PHS is also domiciled in San Juan, Puerto Rico with a designated office address of: Carretera 840, Km 1.2, Royal Town, Bayamon 00956. PHS is a collection agency that utilizes the instrumentalities of interstate commerce (i.e., telephone, e-mail, texts, US Mail, etc.) to conduct the business of collecting debts. On behalf of clients, PHS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. PHS is a debt collector as such term is defined in 15 U.S.C. §1692a(6).

6. Within the past year Defendant PHS attempted to collect a consumer debt from Plaintiff.

7. Defendants, **INSURANCE COMPANIES ABC** (hereinafter, "INSURANCE COMPANIES ABC"), are the insurance companies of the PHS in this Complaint who are liable for the acts against the Plaintiff and are therefore responsible for the damages and acts alleged in this Complaint.

8. Defendants, **JOHN DOE AND JANE DOE,** are fictitious names for unknown persons who participated in the acts and omissions against the Plaintiff and/or who are successors of PHS, all responsible for the damages suffered by the Plaintiff.

## IV.   THE FACTS

### A.  *General Allegations*.

9. Plaintiff re-alleges each and every previous allegation as if fully established herein.

10. The Plaintiff is a natural person.

11. Plaintiff allegedly owed fees and dues to the homeowner's association Asociacion de Residentes Sans Souci, Inc. ("Consumer Debt").

12. The Plaintiff, as a natural person and allegedly obligated to pay a debt, is a 'Consumer' as such term is defined by 15 U.S.C. §1692a(3).

13. The Consumer Debt, based on a homeowner association fees for the property where Plaintiff maintained her residence, was used for Plaintiff's personal, household, or family purposes; meaning, that the alleged debt was incurred for the benefit of Plaintiff as well as her family and her household.

14. The Consumer Debt is a "debt" as such term is defined by 15 U.S.C. §1692a(5) as it was incurred for personal, family, or household purposes.

15. Sometime on/or before September 17, 2020, Asociacion de Residentes Sans Souci, Inc. ("Asociacion") retained PHS to commence collection efforts on the Consumer Debt.

16. The FDCPA defines the term "debt collector" as including: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to

collect, directly or indirectly, debts owed or due or asserted to be owed or due to another". *See*, 15 U.S.C. §1692a(6).

17. PHS is a collection agency that utilizes the instrumentalities of interstate commerce (i.e., telephone, e-mail, texts, US Mail, etc.) to conduct the business of collecting debts.

18. The main purpose of PHS' business it the collection of homeowner dues and debts. As of September 16, 2021, PHS's website, https://www.phscollect.com/phs-collect-en, has an entire page describing the services it provides in the collection of debts. See, https://www.phscollect.com/phs-collect-en, as of September 16, 2021. The services described include: "Collection actions including: notices, Certified Letters, Lawyer Referrals, File Lawsuits, Bank Account, Wage or Rent Garnishment, Payment Plans." Id.

19. Upon information and belief, PHS does not engage in any other business, but for, the business of collecting on homeowner association dues and debts.

20. In addition, on behalf of clients, PHS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

21. For example, as of September 16, 2021, PHS's website states that it provides collection services to "gated communities (developments, condominiums, walk-ups) systems". *See*, https://www.phscollect.com, as of September 16, 2021.

22. PHS, as it concedes in publicly published propaganda and as a result of the nature of its business, is a "debt collector" as such term is defined in 15 U.S.C. §1692a(6).

23. On September 17, 2020, Defendant sent Plaintiff a collection letter ("September 17 Letter"). *See*, **Exhibit A**.

24. The September 17 Letter was utilized to convey information regarding the Consumer Debt.

4

25. The September 17 Letter is a "communication" as such term is defined in 15 U.S.C. §1692a(2).

### B. Allegations as to Violations of Section 1692g(a).

26. Plaintiff re-alleges each and every previous allegation as if fully established herein.

27. Section 1692g(a) mandates that prior to the fifth day following an "initial communication" the debt collector provides the consumer with a written notice containing certain information. *See,* 15 U.S.C §1692g(a)(2).

28. The information required by Section 1692g of the FDCPA includes the following:

"**(1)** the amount of the debt;

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

*See*, 11 U.S.C. §1692g(a).

29. The September 17 Letter was the "initial communication," as such term is utilized in the FDCPA.

30. The September 17 Letter was sent by Defendant to Plaintiff through means of interstate commerce, namely, via certified United States Mail.

31. The September 17 Letter failed to comply with the FDCPA in at least the following manners:

(a) The September 17 Letter failed to disclose, under Section 1692g(a)(2), the name of the creditor to whom the Plaintiff allegedly owed the Consumer Debt;

(b) The September 17 Letter failed to provide **a correct statement**, under Section 1692g(a)(3);

(c) The September 17 Letter failed to inform, under Section 1692g(a)(4), the Plaintiff of her right to obtain a verification of the debt or a copy of the judgement.

32. Defendant's failure to disclose such information, as required by the FDCPA, in the September 17 Letter, or five days thereafter, violated Section 1692g of the FDCPA.

### C. *Allegations as to Violations of Section 1692e(11).*

33. Plaintiff re-alleges each and every previous allegation as if fully established herein.

34. Section 1692e confirms that any of "the following conduct is a violation of this section". *See*, 11 U.S.C. §1692e. The forbidden conduct includes:

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action."

*See*, 11 U.S.C. §1692e(11).

35. The September 17 Letter fails the statutory mandate to disclose to Plaintiff that the communicating party is a "debt collector". Id.

36. The September 17 Letter fails the statutory mandate to disclose to Plaintiff that the communicating party is "attempting to collect a debt." Id.

37.     The September 17 Letter fails the statutory mandate to disclose to Plaintiff that "any information obtained will be used for [the] purpose" of the debt collection. Id.

38.     Defendant's failure to disclose such information, as required by the FDCPA, in the September 17 Letter, or five days thereafter, violated Section 1692e(11) of the FDCPA.

## V.     COUNT I - VIOLATION OF *15 U.S.C. § 1692g*

39.     Plaintiff re-alleges each and every previous allegation as if fully established herein.

40.     Plaintiff brings Count I on her own behalf and on behalf of others similarly situated.

41.     Section 1692g expressly requires all debt collector to communicate certain information to every consumer. Pursuant to *15 U.S.C §1692g(a)* the Defendant must provide Plaintiff with:

> (a)  Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (2) The name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, **is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification** or judgment will be mailed to the consumers by the debt collector;

*See, 15 U.S.C §1692g(a)* (Emphasis added).

42.     The FDPCA mandates that in its initial communication with a consumer (or within five days of it), a debt collector must send the consumer a written notice containing, among other

7

things: (a) the name of the creditor for whom the debt collector is attempting to collect a debt, (b) that the consumer has a right to dispute the debt; (c) a statement that if the consumer disputes the debt in writing within the subject thirty (30) day period the debt collector will obtain verification of the debt or a copy of the judgment and mail it to the consumer.

43. This language, "commonly referred to as a 'validation notice,' gives the consumer the information necessary to challenge the debt allegedly owed before making payment." *See*, Russell v. Equifax A.R.S., 74 F.3d 30, 32-33 (2d Cir. 1996).

44. The September 17 Letter was the "initial communication" from Defendant.

45. The September 17 Letter is a template which - in identical form and substance - is mailed to all Consumers from whom Defendant attempts to collect.

46. Pursuant to the mandates of 1692g(a)(2) of the FDCPA, Defendant was obligated to disclose to Plaintiff the name of the creditor on behalf of whom it was collecting the Consumer Debt.

47. Pursuant to the mandates of 1692g(a)(3) of the FDCPA, Defendant was obligated to inform the Plaintiff that she had the right to dispute the validity of the debt.

48. Pursuant to the mandates of 1692g(a)(3) a Consumer's right to dispute the validity of a debt is not conditioned to, curtailed by and/or limited to disputing the debt **in writing**.

49. Pursuant to the mandates of 1692g(a)(4) of the FDCPA, Defendant was obligated to inform the Plaintiff that, if she disputed in writing, she had the right to obtain a verification of the debt or a copy of the judgement and that such information would be mailed to the Plaintiff.

50. The September 17 Letter fails to disclose – as required by the FDCPA – "[t]he name of the creditor to whom the debt is owed".

51. The September 17 Letter fails to disclose to Plaintiff – as required by the FDCPA – that Plaintiff has a right to dispute the debt, without conditioning, restricting, curtailing, or limiting such right to a "**written notice**."

52. The September 17 Letter fails to disclose that if Plaintiff disputed the debt, in writing, Defendant was obligated to obtain, verify, and mail to Plaintiff verification of the Consumer Debt or a copy of any judgment against Plaintiff.

53. Defendant's unilaterally chose not to communicate that information to the Plaintiff even though it is expressly required by the FDCPA to communicate that information to all consumers.

54. Defendant's failure to provide and disclose to Plaintiff her rights under the FDCPA is a false, deceptive, or misleading representation in connection with the collection of a debt.

55. Defendant's false, misleading, and deceptive representations in the September 17 Letter violated 15 U.S.C. § 1692g(a)(2).

56. Defendant's false, misleading, and deceptive representations in the September 17 Letter violated 15 U.S.C. § 1692g(a)(3).

57. Defendant's false, misleading, and deceptive representations in the September 17 Letter violated 15 U.S.C. § 1692g(a)(4).

58. Because of Defendant's false representation, Plaintiff, as any other "least sophisticated consumer" was misled, deceived, and confused.

59. For example, because of Defendant's false and misleading representations, Plaintiff, as any other "least sophisticated consumer" Plaintiff was misled to believe that she could only dispute the Consumer Debt via a "written notice."

60. Another example, because of Defendant's false and misleading representations, Plaintiff, as any other "least sophisticated consumer" Plaintiff was unable to ascertain who was collecting from her.

61. Because of Defendant's false and misleading representations, Plaintiff, as any other "least sophisticated consumer" Plaintiff did not know that she could obtain a copy of the debt validation directly from Defendant.

62. As a result of Defendant's false and misleading representations, Plaintiff was forced to retain counsel – in a different and unrelated proceeding to this one - and incur in the costs and expenses associated therewith, to review the September 17 Letter and provide legal advice.

63. But for the false representations in the September 17 Letter, Plaintiff would have orally requested a copy of the debt validation.

64. As a result of Defendant's false representations and deceptive representations, Plaintiffs suffered tangible and intangible injuries.

65. Amongst Plaintiff's tangible injuries, Plaintiff suffered economic and emotional damages and injuries. Economic damages include, but are not limited to, Plaintiff retained counsel to review the September 17 Letter. Plaintiff retained bankruptcy counsel. Plaintiff had to file for bankruptcy. Plaintiff's credit worthiness and credit reputation has been damaged as a result of her having to file for bankruptcy.

66. Additionally, Plaintiff suffered intangible injuries. For example, the confusion, distress, and fear caused by Defendant's false, misleading, and deceptive representations are precisely the sort of abusive debt collection practices which Congress sought to protect in enacting the FDCPA.

67. The engagement of counsel, as a result of the confusion created by Defendant's violation of the FDCPA imposed an economic cost and expense on Plaintiff that but for Defendant's false, misleading and deceptive representations Plaintiff would not have incurred.

68. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k* to remedy the economic damages created by Defendant's conduct.

69. As a result of Defendants' conduct, Plaintiffs are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k.*

## VI. COUNT II – VIOLATION OF 15 U.S.C. §1692e

70. Plaintiff re-alleges each and every previous allegation as if fully established herein.

71. Plaintiff brings Count II on her own behalf and on behalf of others similarly situated

72. *15 U.S.C. § 1692e(11)* provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

*See,* 15 U.S.C. § 1692e(11).

73. Section 1692e(11) incorporate two separate and distinct mandates upon debt collectors. First, in the "***initial communication***" the debt collector must disclose that: (a) the communicating party is a "debt collector," and (b) the communicating party "is attempting to

collect a debt and that any information will be used for that purpose". *See*, 15 U.S.C. § 1692e(11), *supra*. Second, in any "***subsequent communications***" the debt collector must disclose that the "communication is from a debt collector". Id.

74. The FDCPA mandates strict compliance with its disclosure requirements of 1692e(11). *See*, Masciarelli v. Boudreau & Associates, 529 F.Supp.2d 183 (D. Mass. 2007) ("a collection agent must follow the disclosure requirement of identifying himself as a debt collector in all communication...").

75. Pursuant to the mandates of 1692e(11) of the FDCPA, Defendant was obligated to disclose to Plaintiff that it was a "debt collector" in the September 17 Letter and/or any other "subsequent communication."

76. The September 17 Letter, a "initial communication" fails to disclose – as required by the FDCPA – that Defendant is a "debt collector" or that the September 17 Letter was sent by a "debt collector".

77. Pursuant to the mandates of 1692e(11) of the FDCPA, Defendant was obligated to disclose to Plaintiff that it was "attempting to collect a debt" in the September 17 Letter.

78. The September 17 Letter, an "initial communication" fails to disclose – as required by the FDCPA – that Defendant is "attempting to collect a debt."

79. Pursuant to the mandates of 1692e(11) of the FDCPA, Defendant was obligated to disclose to Plaintiff that it "any information received [in the process of collecting the debt] will be used for that purpose" in the September 17 Letter.

80. The September 17 Letter, an "initial communication" fails to disclose – as required by the FDCPA – that Defendant will use any information received for the purpose of collecting on the alleged debt.

81. Defendant's failure to disclose its identity as a "debt collector" – as required by the FDCPA – was a false, deceptive, or misleading representation in connection with the collection of a debt.

82. Defendant's failure to disclose that Defendant is a "debt collector," when considered in the context of the September 17 Letter, results in the confusion to the least sophisticated consumer of precisely who is collecting from her.

83. Failure to disclose in the communication that the communicating party is a "debt collector" impairs the decision-making process of the least sophisticated consumer. For example, as here, Plaintiff – if aware that the communication was from a debt collector – would have requested validation of the debt as opposed incurring in the costs and expense of retaining counsel.

84. The confusion that resulted for Plaintiff, like any other least sophisticated consumer, is precisely the sort of risk Congress sought to avoid by and through the FDCPA.

85. The September 17 Letter, because it failed to disclose to Plaintiff that Defendant was a "debt collector," was a false, deceptive, and misleading representation in violation of the FDCPA.

86. As a result of Defendant's false representations and deceptive representations, Plaintiff was in fact mislead and suffered tangible and intangible injuries.

87. Amongst Plaintiff's tangible injuries, Plaintiff suffered economic and emotional damages and injuries. For example, because of Defendant failed to accurately disclose that it was a "debt collector" Plaintiff was forced to incur in the cost and expense of engaging counsel, in a different and unrelated proceeding to this one, to review the September 17 Letter and provide legal advice as to who was communicating with her and the legal status of the debt (i.e. debt collection, legal proceeding, etc.). Moreover, Plaintiff was disturbed and confused by the lack of information

as to the capacity of the party communicating with her, their ensuing intentions as well as the legal consequences to Plaintiff. This confusion and disturbance created by Defendant's failure to disclose their capacity as a debt collector, as required by the FDCPA, caused Plaintiff severe emotional distress.

88. Plaintiff also suffered intangible injuries. For example, the confusion, distress, and fear caused by Defendant's false, misleading, and deceptive representations are precisely the sort of abusive debt collection practices which Congress sought to protect in enacting the FDCPA. Because Congress sought to avoid collection practices which disrupt a debtor's life, Congress mandated that communicating parties disclose their capacity as "debt collectors".

89. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k* to remedy the economic damages caused by Defendant's conduct.

90. As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k.*

## VII.    CLASS ALLEGATIONS

91. Plaintiff re-alleges each and every previous allegation as if fully established herein.

92. Plaintiff brings Count I and Count II on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

93. The Class consists of: (a) all natural persons with a Puerto Rico address; (b) who were sent a letter in the forms represented by **Exhibit A**; (c) on or after a date one year prior to the filing of this action; and (d) on or before a date 20 days after the filing of this Complaint.

94. The class members are so numerous that joinder is impracticable.

95. On information and belief, based on the use of a form letter such as the one attached hereto as **Exhibit A**, there are more than 1,000 natural persons with a Puerto Rico address in the class defined herein.

96. There are questions of law and fact common to all class members, which predominate over any question that affect only individual class members.

97. The predominant questions are:

(a) Whether **Exhibit A** is a form letter.

(b) Whether **Exhibit A** violates the FDCPA; and

(c) The liability of PHS for the action of sending **Exhibit A**.

98. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

99. Plaintiff will fairly and adequate represent the interest of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

100. A class action is superior to other alternative methods of adjudicating this dispute, in that:

   a. Individual cases are not economically feasible,

   b. Many consumers may not realize their rights are violated, and

   c. Congress prescribed class actions as a principal enforcement mechanism under the FDCPA.

**WHEREFORE**, in view of the foregoing, Plaintiff respectfully requests from this Honorable Court to enter a judgment in favor of the Plaintiff and the class members, granting Plaintiff and the class members the remedies requested in this Complaint and such other remedies as may be fair and equitable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 16th day of September 2021.

                                        **THE BATISTA LAW GROUP, PSC.**
P.O. Box 191059
San Juan, PR. 00919
Telephone: (787) 620-2856
Facsimile: (787) 777-1589

/s/ Jesus E. Batista Sánchez
Jesus E. Batista Sánchez, Esq.
USDC-PR No. 227014
E-mail: jeb@batistasanchez.com

/s/ William Rivera Vélez
William Rivera Vélez, Esq.
USDC-PR No. 229408
E-mail: wrv@batistasanchez.com